IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02933-GPG

JOSEPH A. ELLSWORTH,

    Plaintiff,

v.

MICHAEL HARRIS, Inv., in His Official and Individual Capacities,
CASSANDRA HARRIS, Inv., in Her Official and Individual Capacities,
MIRNA BURGIEGA, Tech., in Her Official and Individual Capacities,
JORGE DUNQUE, Inv., in His Official and Individual Capacities,
GEORGE MUMMA, Inv., in His Official and Individual Capacities,
KEVIN SAGAR, Inv., in His Official and Individual Capacities, and
JENNIFER DUNCAN, Par. Off., in Her Official and Individual Capacities,

    Defendants.

ORDER TO DISMISS IN PART
AND TO ADMINISTRATIVELY CLOSE REMAINING CLAIMS

    Plaintiff, Joseph A. Ellsworth, is detained at the Jefferson County Detention Facility, in Golden, Colorado. He has filed a Prisoner Complaint challenging his state criminal proceeding and pre-trial detention, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The Defendants are alleged to be investigators for the Jefferson County District Attorney and Sheriff's Offices, and a parole officer.

    On November 3, 2014, Magistrate Judge Boyd N. Boland issued an order directing the Plaintiff to show cause, within 30 days, why this action should not be dismissed. (ECF No.6). Mr. Ellsworth filed a response to the show cause order on November 26, 2014. (ECF No. 9).

    Mr. Ellsworth has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915 (2013). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court construes the Complaint liberally because Mr. Ellsworth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 1983 claims for equitable relief will be dismissed for lack of jurisdiction. The remainder of the case will be administratively closed pending final resolution of Plaintiff's underlying state criminal proceeding.

**I. The Complaint**

In the Complaint, Plaintiff alleges that he was arrested on August 8, 2014 by the Defendants "for internet luring, etc." (ECF No. 1, at 4). He states that Defendant Harris then proceeded to call other state and federal law enforcement agencies to thank them for "the tip" and inform them that Plaintiff was now in custody. Mr. Ellsworth alleges that prior to his arrest, the United States Probation Department and/or the Colorado Police Department forwarded personal information contained on his confiscated cell phone to the Defendants "in an attempt to set him up for an arrest." (*Id.* at 10). Plaintiff further asserts that Defendant Harris lied about his prior knowledge of Plaintiff's activities at the September 16, 2014 state court preliminary hearing. At the conclusion of the

preliminary hearing, the state court found probable cause to bind Plaintiff over for trial. Mr. Ellsworth claims that Defendants violated his constitutional rights when: Defendant Harris committed perjury at the preliminary hearing; Defendants tampered with the evidence in Plaintiff's criminal case; Defendants framed him with false evidence in support of the criminal charges at the preliminary hearing; and, Defendants violated his Fourth Amendment rights by accessing the personal information on his cell phone and using the information to arrest and prosecute him.  Mr. Ellsworth seeks an award of damages and equitable relief (criminal prosecution of the Defendants).

## II. Analysis

### A.  Request for criminal prosecution

Mr. Ellsworth lacks standing to initiate a criminal prosecution against the Defendants. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973).  *See also Keyter v. 535 Members of 110th Congress*, Nos. 08-1061, 08-1063, and 08-1064, 277 F. App'x. 825, 827 (10th Cir. May 13, 2008) (unpublished); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

### B. *Younger* abstention

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889. The abstention principles of *Younger* are jurisdictional and apply whether the plaintiff seeks equitable or monetary relief. *See D.L. v. Unified School Distr. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir.1981).

The first condition for *Younger* abstention is met because Mr. Ellsworth concedes that the state court proceedings are ongoing. The second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).

With respect to the third condition, Mr. Ellsworth maintains in his response to the show cause order that he has been frustrated in his efforts to raise his claims in the state court because his court-appointed public defender has not provided adequate representation. However, he also alleges that he has been afforded at least one hearing on the issue of counsel's representation. The fact that Plaintiff did not ultimately prevail in having his public defender removed from the case does not mean that he

lacks an opportunity to present his claims in the state court. Further, Mr. Ellsworth has a state remedy available to challenge the probable cause ruling at his preliminary hearing. *See White v. McFarlane*, 713 P.2d 366, 368-69 (Colo. 1986) (stating that "[a] defendant seeking to challenge an erroneous ruling on probable cause may seek extraordinary relief under C.A.R. 21."); *Abbot v. County Court*, 886 P.2d 730, 734 (Colo. 1994) (stating that C.A.R. 21 is the appropriate remedy to challenge factual findings made in a preliminary hearing).

Mr. Ellsworth "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Mr. Ellsworth's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Ellsworth does not contend that the state criminal prosecution was motivated by his class or was in retaliation for his exercise of constitutionally protected rights.

Further, the state court's determination of probable cause at the preliminary hearing suggests that the criminal prosecution is not frivolous. And, there is no indication that the state criminal proceeding has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Plaintiff does not allege that the Defendants have abused their prosecutorial discretion by engaging in unjustified and oppressive multiple prosecutions.

Finally, Mr. Ellsworth has not shown an irreparable injury stemming from the state court criminal prosecution. The fact that he will be forced to stand trial on the criminal charges does not establish great and immediate irreparable injury. *See Phelps*, 122 F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger,* 401 U.S. at 46).

Accordingly, the Court will dismiss without prejudice Plaintiff's claims for equitable relief pursuant to the doctrine of *Younger* abstention. However, Plaintiff's § 1983 claims for damages will be retained, as discussed below. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d at 1228 ("The rationale for *Younger* abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final") (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether")); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (a district court finding that *Younger* abstention is required nevertheless "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.").

### C. Applicability of *Heck*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Under the *Heck* rule, the accrual of a cause of action is deferred until the conviction or sentence has been invalidated. *See Wallace v. Kato*, 549 U.S. 384, 392-93 (2007). *Heck* does not apply to anticipated future convictions. *See id.* at 393 (2007) ("[T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment." (quotations, emphasis, and ellipses omitted)).

In *Wallace*, the Supreme Court instructed:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [*Heck*, 512 U.S.] at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

549 U.S. at 1098.

In accordance with *Quackenbush* and *Wallace*, the Court will retain Mr. Ellsworth's request for damages in conjunction with his § 1983 Fourth Amendment claims based on the alleged unlawful search of his cell phone, and the alleged false

arrest and false imprisonment.[1]  The Complaint can also be construed liberally as asserting a § 1983 malicious prosecution claim.  *See Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008) (noting that challenge to probable cause determination in a preliminary hearing asserts an alleged Fourth violation sufficient to support a § 1983 malicious prosecution cause of action).  However, the malicious prosecution claim is premature because the criminal proceeding has not terminated in Plaintiff's favor.  *See Heck*, 512 U.S. at 489; *Myers v. Koopman*, 738 F.2d 1190, 1194 (10th Cir. 2013). Accordingly, it is

ORDERED that the § 1983 claims for equitable relief are DISMISSED WITHOUT PREJUDICE, pursuant to the doctrine of *Younger v. Harris*.  It is

FURTHER ORDERED that the § 1983 malicious prosecution claim is DISMISSED WITHOUT PREJUDICE as premature. It is

FURTHER ORDERED that the remainder of this action (consisting of Plaintiff's § 1983 claims for damages based on an unlawful search of his cell phone, false arrest, and false imprisonment) is ADMINISTRATIVELY CLOSED, subject to reopening for good cause after resolution of the underlying state court proceedings.  *See Callies v. Lane*, No. 13-cv-00484-CMA-KLM, 2013 WL 6670283  (D. Colo. Dec. 18, 2013).

---

[1] The unlawful search claim accrued at the time it occurred, in August 2014.  *See Glaser v. City and County of Denver*, No. 13-1165, 557 F. App'x 689, 699 (10th Cir. Jan. 29, 2014) (unpublished); *see also Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (stating that claims arising out of a search and seizure accrue when the actions occur).  To the extent Plaintiff asserts claims of false arrest and false imprisonment, those claims accrued at the time of the probable cause determination, when he was bound over for trial.  *See Wallace*, 549 U.S. at 390 ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more); *id.* at 389  ("[Because] false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges).

DATED December 23, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/Lewis T. Babcock  
                                        LEWIS T. BABCOCK, Senior Judge  
                                        United States District Court